UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOLBY HERBERT LAMAR** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-08249** |
| **ORLEANS PARISH DETENTION CENTER, ET AL.** | **SECTION: "A" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), 1915e(2), and 1915A; and, as applicable, 42 U.S.C. § 1997e(c)(1) and (2). On November 7, 2017, the Court conducted a hearing pursuant to *Spears*, and its progeny, with the Plaintiff whom participated via a telephonic conference call. *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985). The Court notes, while the recording for the hearing cannot be located, given the nature of the parties and the claim a statutory assessment will proceed as required.

**I.    Factual Summary**

    **A.    The Complaint**

The Plaintiff, Jacolby Herbert Lamar ("Lamar"), an inmate at Orleans Parish Detention Center, filed this instant *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Detention Center, Sheriff Marlin Gusman, Superintendent Chaz Ruiz, and Correctional Officer Kent Johnson.

Lamar contends that on August 8, 2018, Deputy Kent Johnson, along with some other deputy, searched his cell in the middle of the night. They seized a mattress and a blanket; as well as throwing his belongings on the ground. According to Lamar, Deputy Johnson forcibly removed

his shorts, penetrated his anus with "something"—an unidentified object, and left his cell taking his shorts with him. He sought and received medical attention for injuries sustained to his anus.

While Lamar sued the Sheriff, he has neither pled any individual allegations against him nor Superintendent Ruiz.  He solely names them in their official supervisory capacities under the theory of *respondeat superior*.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination the claims are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *overruled on other grounds*; *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Analysis**

    **A. Orleans Parish Detention Center**

Lamar named the Orleans Parish Detention Center ("OPDC"), the jail where he is housed. A jail facility, however, is not a juridical person subject to suit.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law."  Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  Under federal law, a county prison facility is not a "person" within the meaning of the statute.  *Cullen v. DuPage County*, No. 99-c-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).  Thus, OPDC is clearly not a proper defendant in this case.

In addition, a parish prison is not a proper defendant where it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law.  An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b).  Thus, the Court will look to Louisiana law to determine if OPDC can be sued.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.

Although Louisiana courts have not ruled on the issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water*

3

*Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. . . .Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts*, 634 So. 2d at 346-47 (citation omitted). In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. App. 3rd Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held under *Roberts*' analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Id.* at 613.

Furthermore, Louisiana law divides the responsibility for its parish jails. The parish is charged with its jails' physical maintenance. La. Rev. Stat. Ann. § 15:702. However, the duty to administer and operate the jails falls on the sheriff of each parish. La. Rev. Stat. Ann. § 15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. La. Const. art. 5 § 27; *see Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. App. 2nd Cir. 1991) (holding that the parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts*' framework, jail facilities are not "legally empowered to do" anything independently of either the respective parish officials or the parish sheriff. *See Roberts*, 634 So. 2d at 347. The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also*, *Kerr v. Orleans Parish Sheriff's Office, Prison*, No. 15-0746, 2015 WL 4755174 (E.D. La. Aug, 10, 2015). As such, the claims against OPDC are frivolous and otherwise fail to state a claim for which relief can be granted.

### B.     *Chaz Ruiz and Marlin Gusman*

Lamar also sued Sheriff Gusman and Chaz Ruiz, a Superintendent with the Orleans Parish Detention Center. Lamar does not allege that either Gusman or Ruiz: (1) knew that the deputies would conduct the search; (2) assault Lamar; or (3) take his property—his shorts.

It is well established a § 1983 cause of action is not supported under the theory of *respondeat superior*. *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996). To attach liability to a prison official in a supervisory position for the violative acts of their employees under § 1983, the plaintiff must show the supervisor "participated directly in the alleged constitutional violation, failed to remedy a wrong after being informed of a violation through a report or an appeal, created a policy or custom that sanctioned unconstitutional conduct,. . . were grossly negligent in supervising subordinates who committed alleged violations, or failed to act on information indicating that unconstitutional acts were occurring*." Veloz v. New York,* 339 F.Supp.2d 505, 519 (S.D.N.Y. 2004), *aff'd* 178 App'x 39 (2d Cir. 2006). Proof of linkage in the prison chain of command is not enough and "some personal responsibility on the part of the officer must be established" to

establish sufficient liability to attach an employer. *Id*. (quoting *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003)).

Lamar fails to allege any personal involvement on the parts of Defendants' Ruiz and Gusman in the alleged search, sexual assault, or property seizure. Furthermore, Lamar does not allege that Gusman or Ruiz instituted a policy that resulted in his alleged constitutional violation. Consequently, the claims against Ruiz and Gusman are frivolous in nature and warrant dismissal.

### C. *Kent Johnson*

Lamar also named Kent Johnson as a defendant in this matter. Lamar alleges this is the deputy who conducted the search, required the removal of his shorts, and then penetrated his anus with something.

"Because sexual abuse of a prisoner by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997), *overruled in part*, by *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford*, 796 F.3d at 257. "[A] single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Id.*

In this case, Lamar alleges that the touching occurred during the course of a search where he was forced to remove his shorts and thereafter something penetrated his anus. He does not allege that Johnson received gratification because of the touch or penetration. He likewise does not allege that the purpose of the touch was to abuse as oppose to being incident to a search for

6

contraband. Consequently, the Court finds the claim of sexual abuse by Kent Johnson, as alleged, is frivolous and fails to state a claim for which relief may be granted.

### B. Recommendation

It is therefore **RECOMMENDED** that Jacolby Herbert Lamar's 42 U.S.C. § 1983 complaint against Orleans Parish Detention Center, Sheriff Marlin Gusman, Superintendent Chaz Ruiz and Correctional Officer Kent Johnson be **DISMISSED WITH PREJUDICE** for seeking relief against a defendant for which relief cannot be granted and failure to state a claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of July 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**